J-S19008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT LEONARD TAYLOR | : | |
| | : | |
| Appellant | : | No. 1654 MDA 2022 |

Appeal from the PCRA Order Entered October 24, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001134-2020

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: AUGUST 14, 2023**

Appellant, Robert Leonard Taylor, appeals *pro se* from the post-conviction court's October 24, 2022 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate the court's order and remand for further proceedings.

The facts of Appellant's underlying convictions are not pertinent to our disposition of his present appeal.  We need only note that on March 2, 2021, a jury convicted Appellant of various offenses, including aggravated assault and carrying a firearm without a license.  He was sentenced on March 10, 2021, to an aggregate term of 5 to 17 years' incarceration.  Appellant did not file any post-sentence motions or a direct appeal.

On November 24, 2021, Appellant filed a timely, *pro se* PCRA petition, raising various claims of trial counsel ineffectiveness.  David Long, Esq., was

appointed as Appellant's counsel. Rather than filing an amended petition on Appellant's behalf, Attorney Long filed a petition to withdraw and "no-merit" letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On September 22, 2022, the PCRA court filed an order granting Attorney Long's petition to withdraw. That same day, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. On October 11, 2022, Appellant filed a *pro se* response, raising for the first time a claim that his trial counsel had been ineffective for not filing a direct appeal on his behalf. On October 24, 2022, the PCRA court issued an order denying Appellant's petition.

Appellant filed a timely, *pro se* notice of appeal. He also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[1] The PCRA court filed its Rule 1925(a) opinion

---

[1] The court filed its Rule 1925(b) order on December 16, 2022, and directed Appellant to file his concise statement within 21 days, or by Friday, January 6, 2023. While Appellant's statement was not filed until January 9, 2023, the proof of service attached to it indicates that he delivered that document to prison authorities for mailing on December 30, 2022. Thus, we deem it timely. **See** Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated at a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.").

on January 17, 2023.  Herein, Appellant raises six claims for our review, which we reproduce *verbatim*:

**Claim 1.**

Trial counsel was ineffective when she failed to ask Officer Contreras how was he shooting at petitioner while simultaneously making a radio call about shots being fired.

**Claim 2.**

Trial counsel was ineffective when she failed to contact a witness, Willamarie Morales-Oliveras, who allegedly posted something on facebook saying "someone is going to die tonight".

**Claim 3.**

Trial counsel was ineffective due to her failure to object to the playing a 911 call made by Bradley Duane as this was a violation of the Confrontation Clause.

**Claim 4.**

Trial counsel was ineffective when she failed to object to the absence of two witnesses, Michael Joseph Alberta and Bradley Duane.  She was ineffective for failure to ask questions regarding the whereabouts of these witnesses and her failure to locate and interview them.

**Claim 5.**

Trial counsel was ineffective for not establishing who the victim was or who was he alleged to have been pointing the gun at during his crime.  And that police never ascertained the name of the individual.

**Claim 6.**

Petitioner asked his PCRA attorney to challenge the fact that his Trial attorney did not file his Direct appeal and attorney said no merit.

Appellant's Brief at 2-4 (unnumbered).[2]

We begin with Appellant's last issue, as it is dispositive of our decision to vacate the court's order and remand for further proceedings. Appellant argues that his PCRA counsel, Attorney Long, acted ineffectively by disregarding Appellant's request that counsel file an amended petition asserting that Appellant's trial counsel ineffectively failed to file a direct appeal on Appellant's behalf. According to Appellant, his "[t]rial attorney didn't … consult [with him] about filing a direct appeal." Appellant's Brief at 4 (unnumbered). When he asked his trial counsel to file a direct appeal on his behalf, she "disregarded his request." *Id.* Appellant contends that he asked his PCRA counsel, Attorney Long, to file an amended petition raising this trial-counsel-ineffectiveness claim, but Attorney Long refused to do so. *Id.* Instead, Attorney Long petitioned to withdraw, leaving Appellant with no other option than to raise this claim *pro se*, which he did in response to the court's Rule 907 notice. *Id.* The PCRA court deemed Appellant's trial-counsel-ineffectiveness claim waived, reasoning that Appellant improperly presented it for the first time in his Rule 907 response, rather than seeking leave to file an amended petition. PCO at 5 (citing *Commonwealth v. Rigg*, 84 A.3d 1080, 1084-85 (Pa. Super. 2014) (stating that "a petitioner must request

---

[2] We note that Appellant's brief does not comply with the Rules of Appellate Procedure, in that he does not include, *inter alia*, a Statement of the Questions Involved (Pa.R.A.P. 2116) or a Summary of Argument (Pa.R.A.P. 2118). Nevertheless, we can discern the issues Appellant is raising and the arguments he makes in support thereof. Accordingly, we will overlook his briefing errors.

leave to amend his petition in his Rule 907 response to raise new trial counsel ineffectiveness claims")). In response, Appellant explains that he "was not aware that he himself could amend" his PCRA petition, which is why he asked Attorney Long to do so. Appellant's Brief at 4 (unnumbered). He insists that Attorney Long acted ineffectively by refusing that request and seeking to withdraw.

Appellant argues that he may raise Attorney Long's ineffectiveness for the first time on appeal under our Supreme Court's decision in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), discussed *infra*. *See id.* at 8 (unnumbered). We agree. At the time of the *Bradley* decision, a PCRA petitioner could raise a claim of PCRA counsel's ineffectiveness only in a response to a Rule 907 notice of intent to dismiss a petition without a hearing. *See Bradley*, 261 A.3d at 397-98 (citing *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009)). The *Bradley* Court expanded the manner in which a claim of PCRA counsel's ineffectiveness may be raised, holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id.* at 400. Here, the PCRA court denied Appellant relief and Appellant, acting *pro se*, has raised Attorney Long's ineffectiveness for the first time on appeal. We conclude that *Bradley* permits us to review Appellant's allegation of PCRA counsel's ineffectiveness.

However, in attempting to conduct this review, it quickly became apparent that we must remand "for further development of the record and for

- 5 -

the PCRA court to consider [this] claim[] as an initial matter." ***Id.*** at 402. Namely, Appellant provides "more than mere boilerplate assertions of PCRA counsel's ineffectiveness…." ***Id.*** (cleaned up). Attorney Long must be given an opportunity to respond to the allegation that he refused Appellant's request to file an amended petition raising the trial counsel ineffectiveness issue, and the PCRA court must make credibility determinations regarding this issue. Clearly, Appellant's claim raises "material facts" concerning counsel's representation, and "relief is not plainly unavailable as a matter of law" if Appellant's allegation is true. ***Id.*** (cleaned up).

Thus, we vacate the order denying Appellant's petition and remand for the PCRA court to conduct a hearing regarding Appellant's PCRA-counsel-ineffectiveness claim. Prior to that proceeding, the court shall appoint Appellant new counsel, as this is his first PCRA petition. ***See Bradley***, 261 A.3d at 391 (stating that a first-time PCRA petitioner has a rule-based right to effective assistance of counsel) (citing Pa.R.Crim.P. 904; ***Commonwealth v. Albrecht***, 720 A.2d 693, 699-700 (Pa. 1998) (holding that the appointment of counsel pursuant to Rule 904 carries with it an "enforceable right to effective post-conviction counsel")). If the PCRA court finds that Attorney Long acted ineffectively by failing to raise trial counsel's ineffectiveness for not filing a direct appeal, the court must also then permit Appellant to present evidence that his trial counsel acted ineffectively in this regard. Upon the PCRA court's grant or denial of relief, if either Appellant or the Commonwealth appeal that determination, the PCRA court should file a supplemental Rule

1925(a) opinion to address its decision. Given that the PCRA court could potentially reinstate Appellant's direct appeal rights, we will not now address his challenges to the PCRA court's denial of his remaining trial-counsel-ineffectiveness claims, which Appellant can reassert in a future proceeding. *See Commonwealth v. Miller*, 868 A.2d 578, 580 (Pa. Super. 2005) ("When a PCRA court grants a request for reinstatement of direct appeal rights *nunc pro tunc*, it may address, but not 'reach' the merits of any remaining claims.").

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2023